**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| GREATRIVER WOOD CO., LTD (a.k.a. CONG TY TNHH GREATRIVER WOOD and GREATRIVER WOOD COMPANY LIMITED)<br><br>                                             Plaintiff,<br>           v.<br><br>UNITED STATES<br><br>                                             Defendant. | Court No. 23-00155 |

**COMPLAINT**

Greatriver Wood Co., Ltd., a.k.a. Cong Ty TNHH Greatriver Wood or Greatriver Wood Company Limited ("Greatriver" or "Plaintiff") by and through its attorneys, allege and state the following claims against Defendant, the United States:

**JURISDICTIONAL STATEMENT**

1.     Greatriver seeks judicial review of the U.S. Department of Commerce's ("Commerce") final affirmative determination of circumvention of the antidumping and countervailing duty orders on certain hardwood plywood products from China covering exports from Vietnam. *Certain Hardwood Plywood Products from the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023) ("*Final Determination*") and accompanying Issues and Decision Memorandum (July 14, 2023).

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. § 1516a(a)(2)(B)(vi). This action contests Commerce's final determination under 19 U.S.C. § 1677j(b) regarding inquiry

merchandise produced in Vietnam.

## STANDING OF THE PLAINTIFFS

3.      Greatriver is a foreign producer and exporter of the inquiry merchandise and is an interested party as defined by 19 U.S.C. § 1677(9)(A).  Greatriver participated in the proceeding before Commerce that is the subject of this action, including by filing questionnaire responses, case and rebuttal briefs, and participating at the hearing.  Greatriver is being adversely affected by Commerce's finding of circumvention against it and by its exclusion from the certification scheme.  Therefore, Greatriver has standing under 28 U.S.C. §2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THIS ACTION

4.      Commerce signed the contested determination on July 14, 2023, and issued the determination to the parties via electronic mail on July 17, 2023.  The Final Determination was published in the Federal Register on July 20, 2023.  Neither Plaintiff nor Plaintiff's counsel received the decision via regular mail and to Plaintiff's knowledge, Commerce never sent the decision to the parties via regular mail.  Regardless, this action was timely commenced by filing a summons on Monday, August 14, 2023, which was within 30 days of the date of the determination, which is the earliest time that the decision could have been mailed.  The summons was also filed within 30 days of the electronic mail notifying the parties of the determination. Therefore, this action was commenced within the time required pursuant to 19 U.S.C. §1516a(a)(2)(A)(ii), 28 U.S.C. § 2636(c), and Rule USCIT Rule 6(a)(1).  This complaint is timely filed within 30 days of the filing of the summons pursuant to 1516a(a)(2)(A)(ii).

## STATEMENT OF FACTS

5.  On June 17, 2020, in response to an allegation of circumvention by Petitioner, Commerce published an initiation notice for simultaneous scope and anticircumvention inquiries to determine whether certain hardwood plywood products completed in Vietnam were circumventing the order on certain hardwood plywood products from China. *Certain Hardwood Plywood Products from the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg. 36,530 (June 17, 2020). Commerce initiated the underlying anti-circumvention inquiry in order to determine whether the criteria for an affirmative conclusion of circumvention – set forth in 19 U.S.C. § 1677j(b) and 19 C.F.R. § 352.225 – had been satisfied. These statutory provisions concern merchandise produced in a third country from material inputs originating in the country that is the subject of the AD/CVD orders (in this case China).

6.  On July 9, 2020, Commerce issued a memorandum to the file clarifying the merchandise covered by the joint scope and circumvention proceeding. In that memorandum, Commerce stated that "{t}he merchandise subject to these anticircumvention and scope inquiries does not include core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China." Memorandum, *Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries* (July 9, 2020) (emphasis added). Commerce's anti-circumvention inquiry focused on five different production scenarios in Vietnam. However, none of these production scenarios involved production of hardwood plywood in Vietnam utilizing a core produced in Vietnam.

7. On July 17, 2020, Commerce issued a memorandum to the file releasing certain data maintained by U.S. Customs and Border Protection detailing entries of plywood from Vietnam between December 8, 2016, and March 31, 2020, and invited parties an opportunity to comment. Commerce also announced its intent to issue quantity and value questionnaires to the companies identified in that data. Memorandum, *Release of U.S. Customs and Border Protection Data and Publicly Identifiable Companies* (July 17, 2020).

8. On September 10, 2020, Commerce issued a letter to all interested parties containing the quantity and value questionnaires. Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Sept. 10, 2020).

9. On October 1, 2020, Greatriver timely filed a response to Commerce's questionnaire. Letter to Commerce, *Certain Hardwood Plywood Products from the People's from Republic of China: Quantity and Value Response* (Oct. 1, 2020).

10. On February 22, 2021, Commerce issued a letter to all interested parties containing a supplemental quantity and value questionnaire to all participating Vietnamese exporters. Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping Duty Order on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (Feb. 22, 2021).

11. On March 22, 2021, Greatriver timely filed a response to Commerce's supplemental questionnaire. Letter to Commerce, *Hardwood Plywood Products from the People's Republic of China: Supplemental Quantity and Value Questionnaire Response.*

4

12. On June 15, 2021, Commerce issued a letter to all interested parties containing a second supplemental quantity and value questionnaire to all participating Vietnamese exporters. Letter to Interested Parties, *Anti-Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Quantity and Value Second Supplemental Questionnaire for Vietnamese Producers and Exporters of Certain Hardwood Plywood Products* (June 15, 2021).

13. On July 9, 2021, Greatriver timely filed a response to Commerce's second supplemental questionnaire. Letter to Commerce, *Certain Hardwood Plywood Products from the People's from Republic of China: Submission of Second Supplemental Quantity and Value Response* (July 9, 2021).

14. On August 10, 2021, the Government of Vietnam placed certain confidential customs data on the record of the proceeding. Letter to Commerce, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Request for Electronic Data from the Government of Viet Nam* (Aug. 9, 2021).

15. On February 18, 2022, Commerce placed certain information from a separate Enforce and Protect Act proceeding on the record of the proceeding. Memorandum, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Placing Documents Relevant to this Proceeding on the Record* (Feb. 18, 2022).

16. On July 29, 2022, two years after initiation, Commerce published its preliminary determination in the *Federal Register* finding, *inter alia*, that circumvention had occurred, establishing a certification regime for certain qualifying exporters, and placing Greatriver on the list of companies that were ineligible to participate in the certification regime, using facts available with an adverse inference finding based on certain alleged questionnaire response

deficiencies. *See Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 45,753 (July 29, 2022) and accompanying Issues and Decision Memorandum (July 22, 2022); *see also* Memorandum, *Application of Adverse Facts Available for the Preliminary Determination* (July 22, 2022).

17. On August 4, 2022, Greatriver filed comments on Commerce's preliminary determination and requested the Commerce reopen the record and give Greatriver an opportunity to cure any alleged deficiencies. Letter to Commerce, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Comments Regarding Preliminary Determination and Request to Submit New Factual Information (August 4, 2022)*. Commerce never responded to this request and never reopened the record or issued any additional supplemental questionnaires.

18. Commerce subsequently selected Greatriver for verification and issued it a verification preparedness questionnaire. *Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Verification Preparedness Questionnaire* (September 27, 2022).

19. Greatriver timely responded to the verification preparedness questionnaire on October 4, 2022. Letter to Commerce, *Anti-Circumvention Inquiry of Certain Hardwood Plywood Products from the People's Republic of China: Verification Preparedness Questionnaire Response* (October 4, 2022). Greatriver indicated its willingness to cooperate in the verification and provide the information to establish that it should not be punished with the use of adverse inferences in the Final Determination.

19. On October 7, 2022, Commerce sent Greatriver a verification outline. *Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Verification of Questionnaire Responses* (October 7, 2022).

20. On October 13, 2022, Commerce informed Greatriver that it would be verified on October 19, 2022. Memorandum: *Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Revised Verification Schedule* (October 13, 2022).

21. Greatriver prepared for verification and counsel traveled to Vietnam, but on October 18, 2022, the day before verification was to commence, Commerce announced that it was cancelling the verification of Greatriver because its inclusion on the list of companies to be verified was a mistake. Memorandum: *Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Verification Schedule Update* (October 18, 2022).

22. On October 22, 2022, Greatriver attempted to submit information for the record confirming that it did not produce any merchandise subject to the circumvention inquiry. This information would have been submitted at verification, had Commerce not cancelled the verification the day before it was scheduled to commence. Commerce rejected this information and removed it from the record. Memorandum: *Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Rejection of Greatriver Wood Co., Ltd's Submission* (December 19, 2022).

23. On January 9, 2023, Greatriver filed a case brief which was timely submitted within the timeline prescribed by Commerce. Letter to Commerce, *Greatriver Case Brief* (January 9, 2023).

24. On February 1, 2023, Greatriver filed a rebuttal brief. Letter to Commerce, *Greatriver Rebuttal Brief* (Jan. 30, 2023).

25. On February 15, 2023, Greatriver's counsel participated in the public hearing held by Commerce in this proceeding. Hearing Transcript, *In Re: the Circumvention and Queries on the Antidumping Case Nos. Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China* (Feb. 23, 2023).

26. On July 20, 2023, three years after initiation, Commerce published a notice of the Final Determination in the *Federal Register* maintaining its adverse facts available finding with respect to Greatriver and making an affirmative determination of circumvention with respect to Vietnam. *See Final Determination*, 88 Fed. Reg. 46,740.  Commerce made an affirmative final determination of circumvention, despite not selecting any mandatory respondents or citing any evidence collected from respondents that the five production scenarios subject to the inquiry were actually occurring in Vietnam.  Rather, Commerce refused to obtain the necessary information to make a reasoned determination and based its final determination on adverse facts available , information from other proceedings, and  information placed on the record by Petitioner.

COUNTS

**COUNT 1**

27. Plaintiff hereby incorporates, by reference, paragraphs 1 through 26 above.

28. Commerce's final determination rendered an affirmative circumvention determination for Greatriver and other respondents that relied on the assumption that Greatriver and other respondents had exported to the United States hardwood plywood produced in Vietnam that

contained a Chinese core. However, Commerce never selected any mandatory respondents and failed to adequately investigate Greatriver's or any other respondent's actual operations. As a result, there is no evidence in the record demonstrating that Greatriver or any other respondent did in fact export inquiry merchandise to the United States. Indeed, the basis for Commerce's adverse findings was entirely unrelated to Greatriver's or any other respondent's actual production, and the record contained no findings that Greatriver or any other respondent inaccurately reported that none of their U.S. exports of hardwood plywood contained Chinese-produced cores. Despite the absence of evidence from any Vietnamese respondent, Commerce issued a country-wide determination of circumvention.

29. Because Commerce had no reasonable basis on the record to conclude that Greatriver or any other respondent had, in fact, exported "inquiry merchandise," or that the statutory circumvention criteria had been met, its determination was unsupported by substantial evidence or otherwise not in accordance with law.

**COUNT 2**

30. Plaintiff hereby incorporates, by reference, paragraphs 1 through 26 above.

31. The Department's determinations that Greatriver's responses were deficient, contradictory, or inconsistent and the resulting application of adverse facts available to Greatriver were not supported by the record. Commerce refused to request or consider any additional information from Greatriver that would explain or clarify any confusion that Commerce had regarding the responses. Moreover, there was no material information missing from the record, which could have permitted the Department to resort legally to facts available,

let alone adverse facts available. Nor does the record support the finding that Greatriver failed to cooperate to the best of its ability, which would justify the application of adverse inferences.

32. Commerce's application of facts available with an adverse inference was unsupported by substantial evidence or otherwise not in accordance with law.

**COUNT 3**

33. Plaintiff hereby incorporates, by reference, paragraphs 1 through 26 above.

34. Commerce's application of facts available with an adverse inference to Greatriver was not consistent with its obligation under 19 U.S.C. § 1677m(d).

35. Commerce applied facts available with an adverse inference to Greatriver for an alleged failure to provide accurate information in its questionnaire response. Commerce, however, never informed Greatriver of the nature of the deficiencies it had identified in Greatriver's questionnaire responses or provided Greatriver with an opportunity to cure the alleged deficiencies.

36. Greatriver responded to all of Commerce's questionnaires and upon learning for the first time of the perceived deficiencies in its responses asked Commerce to reopen the record and allow Greatriver to respond to the issues raised by Commerce. Greatriver also prepared for verification in order to demonstrate that it did not export inquiry merchandise.

37. Commerce failed to observe the requirements of 19 U.S.C. § 1677m(d) with respect to Greatriver's questionnaire responses, and its determination that Greatriver had not provided sufficient information to allow it to participate in the certification regime was unlawful. The actions of Commerce are unsupported by substantial evidence or otherwise not in accordance with law

**COUNT 4**

38.  Plaintiff hereby incorporates, by reference, paragraphs 1 through 26 above.

39.  As a result of Commerce's preliminary determination, Greatriver requested that the Department reopen the record and issue supplemental questionnaires. Commerce refused to do so.

40.  Greatriver was also chosen for verification and had prepared to have its responses verified, including its response that it did not produce inquiry merchandise. However, the day before the verification, Commerce cancelled verification. When Greatriver subsequently attempted to submit documentation supporting the fact that it did not produce inquiry merchandise, Commerce rejected the submission.

41.  Commerce's failure to reopen the record, failure to verify Greatriver, and refusal to accept any exculpatory evidence was arbitrary and capricious and resulted in a determination that was unsupported by substantial evidence or otherwise not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFORE, and as challenged herein, Plaintiff respectfully requests that this Court:

(1) Enter judgment in favor of Greatriver;

(2) Hold unlawful the aspects of Commerce's final circumvention determination challenged in this complaint;

(3) Remand this proceeding to Commerce with instructions to revise its final determination in conformity with the Court's decision; and

4) Grant Greatriver such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Jeffrey S. Neeley_____
Jeffrey S. Neeley
Stephen W. Brophy
Husch Blackwell, LLP
1801 Pennsylvania, Ave. N.W.
Suite 1000
Washington, D.C. 20006
(202) 378 – 2357
Jeffrey.Neeley@huschblackwell.com

Dated:  September 8, 2023